McCann, J.
BACKGROUND
For the plaintiff, Alan B. Lipkind, Esq., David B. Grossman, Esq., and Victoria L. Schmidt, Esq.
For the defendants, Robert J. Rudge and Ronald H. Rudge, Stephen J. Gordon, Esq.
FACTUAL BACKGROUND
In 1992, the parties entered into a lease pertaining to commercial property in Worcester, Massachusetts. Getty, as lessor, had the right to extend the term of its occupancy provided that it complied with certain notice requirements. Such a notice was sent to the landlords on September 5, 2002. Landlords admit receiving the notice. In substance, the notice extended the term of the lease which would run from January 15, 2003 through January 14, 2008.
§21 of the lease entitled “First Refusal Option to Lease” provides as follows:
*136 21. First Refusal Option to Lease. If at any time during the term of this lease, Landlord shall receive a bona fide offer to lease the demised premises for a term to begin subsequent to the present demised term, and the Landlord desires to accept such offer, Landlord shall immediately submit to Tenant a true and correct copy of such bona fide offer with a full disclosure of all terms, covenants and provisions thereof and Tenant shall have ninety (90) days after receipt thereof, in which to elect to lease said premises upon the terms and provisions contained in such offer.
On September 26, landlords sent to Getty a copy of a “Letter of Intent.” It was a letter of intent executed by the landlords and a company named Drake Petroleum Company, Inc., a prospective future tenant. The Letter of Intent provided in pertinent part that the letter of intent is “part of preliminary negotiations and shall not be deemed a binding contract. Final agreement if any between the parties will be subject not only to the terms set forth herein, but such other terms and conditions mutually agreed between the parties.” Landlords sent to Getty a letter indicating that if Getty did not respond pursuant to §21 of the lease, the Rudges expected Getty to vacate.
There is a dispute between the parties. Getty originally filed this action in the Land Court in December of 2002 in two counts seeking a (1) declaratory judgment; and (2) injunctive relief. The landlords thereafter filed an Answer and Counterclaim in one count in January of 2003 seeking summary process, interference with contractual relations/prospective contractual advantage, breach of contract, and 93A violations. The matter was transferred to the Worcester Superior Court pursuant to G.L.c. 21 IB, §9.
The issue is whether the September 21, 2002 Letter of Intent satisfied §21 of the lease requirement that the landlords submit a “bona fide offer” with a full disclosure of all terms, covenants and provisions thereof.
Getty moves for a Judgment on the Pleadings under Rule 12(c) of the Massachusetts Rules of Civil Procedure. That Rule provides that after pleadings are closed, but within such time as not to delay the trial, any party may move for a judgment on the pleadings. In order to obtain a judgment on the pleadings, the answer must fail to controvert any material issue in the complaint. The landlords admit that their attempt to comply with §21 and its requirement of a submission of a bona fide offer with full disclosure of all terms, covenants and provisions, was the September 21 letter attached to the complaint as the Notice of Intent. For the reasons stated herein, this Court rules as a matter of law that the Letter of Intent fails to meet the requirements of the lease and applicable law.
DISCUSSION
An offer is an “act on the part of one person whereby he gives to another the legal power of creating the obligation called contract.” Black’s Law Dictionary, 1233 (4th Ed. 1951), Restatement of Contracts (2nd) §24.
The Restatement of Contracts provides that “an offer is the manifestation of willingness to enter into a bargain so made as to justify another person in understanding that his assent to that bargain is invited and will conclude it.” Section 26 of the Restatement states that manifestation of willingness to enter into a bargain is not an offer if the person to whom it is addressed knows or has reason to know that the person making it does not intend to conclude a bargain until he has made a further manifestation of assent.
This Court finds that the Letter of Intent is not an operative document in the present circumstances, but a memorandum of future contractual intent. The Court finds that the Letter of Intent is a memorandum in which the parties to the memorandum of intent expressed an intention not to be bound until a final agreement is executed.
The Letter of Intent states, “while no final agreement has been reached, Rudge and Drake wish to express in this Letter of Intent their mutual understanding as to some of the terms which would be included in any consummation of the proposed transaction.”
The Letter of Intent is unambiguous in that it states that no final agreement has been reached but refers to some terms which would be included in any “consummation of the proposed transaction.” No transaction had been consummated. Only future acts are anticipated.
The Letter of Intent also states that Drake is interested in acquiring the premises in question. There is no offer but only an expression of interest.
The Letter of Intent further goes on to state that closing should occur ninety days after a definitive agreement. Parties express contemplation of a future definitive agreement, and no present agreement.
The Letter of Intent further states that the letter shall be considered part of preliminary negotiations and shall not be deemed a binding contract between Rudge and Drake. In order to establish a contract there must be an offer, an acceptance, and consideration. The above language specifically precludes that conclusion.
This Court, therefore, finds the Letter of Intent is not a bona fide offer with a full disclosure of all terms, covenants and provisions thereof.
The express words of the Letter of Intent demonstrate an intention not to be bound. The Letter of Intent is not an offer. It is only an agreement to agree provided terms are mutually agreed upon. This Court, therefore, rules that the Letter of Intent is not sufficient to trigger the provisions under §21 of the lease.
Therefore, the Plaintiffs Motion for Judgment on the Pleadings is ALLOWED.
*137 The defendants had also filed a counterclaim. The plaintiff moves for a judgment on all of the counts of the defendants. This Court enters judgment for the plaintiffs on those counts.
ORDER
Judgment shall enter for the plaintiff, Getty Properties Corp. on the plaintiffs complaint.
Judgment shall enter for the defendant in counterclaim, Getty Properties Corp., on each count of the counterclaim filed by the defendants Robert J. Rudge and Ronald H. Rudge.